## In re PANCHARD.
### No. 34399.

District Court, E. D. New York.
June 29, 1938.

Levin & Weintraub, of New York City, for petitioner.

Harry Mesard, of New York City, for trustee.

BYERS, District Judge.

This is a petition to review the appointment of a trustee in bankruptcy made by the referee in charge of the case. It appeared on the calendar of May 20, 1938, and on the following day the court indicated by memorandum that the referee's certificate was inadequate to disclose the reasons for his refusal to approve the appointment of a trustee by the creditors; it was suggested that he supplement his certificate by tabulating the claims voting and their respective votes (i.e., choice) and by a statement of any reason known to him touching the availability to serve as trustee, of the person appointed by the creditors; the supplemental certificate to be served on or before May 26th.

On May 27th, a supplemental certificate was filed, which failed to contain the requested tabulation or statement of reasons, and thereupon, under date of May 27th, a further memorandum was filed by the court, directing the referee to tabulate the votes and return the certificate so framed.

On May 28th, a stipulation was filed, reciting that, whereas the trustee had sold the assets of the bankrupt, and liquidated the entire estate of the bankrupt, it was therefore stipulated and agreed by and between the attorney for the trustee and the attorneys for the petitioner, that the petition to review the referee's order appointing the trustee was withdrawn.

Under date of June 24th, the referee wrote a letter to the Clerk of this court, enclosing the tabulation of votes which had been requested over a month earlier.

Since the matter had been sub judice from and after May 20, 1938, it is not understood how the petition could be withdrawn by stipulation or otherwise.

The tabulation in question reveals that, of the 13 claims voting, 9 were for an attorney by the name of Salee, and 4 were for a gentleman by the name of Kurtz; the total amount voted for Salee was $1,202.51, and the total amount voted for Kurtz was $1,014.96.

The referee sustained objections to two of the claims voted for Salee, reducing the number to 7 and the amount to $1,160.16.

There was therefore a clear majority of creditors voting for Salee, both in number and amount, and the referee was therefore without jurisdiction to make an appointment.

The minutes of the first meeting indicate that the total vote for Mr. Salee was established after 5 of the claims, totaling $968.92, had first been voted for a gentleman by the name of Volper, but that the attorney in fact voting these claims withdrew the nomination of the latter gentle-

man and voted for Salee before the referee announced his appointment. The minutes on the subject are as follows:

"The Referee: My rule here is, when there is a cat and dog fight, to appoint my own trustee. You put anything you want on the record. You haven't, any of you, the majority in number and amount.

"Mr. Weintraub: For the purpose of the record, Mr. Salee appears to have a majority in amount and number of claims voted for him, as against any other claims voted today, and I respectfully except to Your Honor's ruling, that Mr. Salee should not be nominated as trustee in this matter.

"The Referee: All right, I will appoint Albert Lockhart of West Hempstead, New York, trustee in the matter. How much of a bond do you want?"

The minutes fail to disclose anything approaching "a cat and dog fight", whatever that may be, and since the creditors did appoint a trustee by a vote of a majority in number of claims and in amount, the referee was without authority to make the appointment, and it is therefore null and void.

The practice indulged in of attempting to adjust this controversy through a stipulation withdrawing the petition to review cannot be approved. It opens the door to objectionable arrangements which would be detrimental to the administration of the law, and the good name of the bankruptcy court.

The petition to review is sustained, and the referee's appointment of a trustee is vacated. The person appointed by the creditors should be permitted to qualify.

Settle order.